ACCEPTED
15-25-00150-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/16/2025 3:18 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00150-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/16/2025 3:18:32 PM
CHRISTOPHER A. PRINE
Clerk

# 15ᵗʰ Court of Appeals of Texas

*In Re ColossusBets Limited,*
Relator.

# REPLY IN SUPPORT OF
# RELATOR'S PETITION FOR WRIT OF MANDAMUS

Original Proceeding from
Cause No. 25-BC03A-0007
Business Court of Texas
Third Division
Austin, Texas

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

Derrick Carson (Texas Bar No. 24001847)
Charles Conrad (Texas Bar No. 24040721)
Jonathan Sink (Texas Bar No. 24099968)
Lindsey Mitchell (Texas Bar No. 24138645)
PILLSBURY WINTHROP SHAW PITTMAN LLP
609 Main Street, Suite 2000
Houston, Texas 77002
(713) 276-7600 (Telephone)
(713) 276-7673 (Facsimile)
Derrick.Carson@pillsburylaw.com
Charles.Conrad@pillsburylaw.com
Jonathan.Sink@pillsburylaw.com
Lindsey.Mitchell@pillsburylaw.com

*Counsel for Relator ColossusBets Limited*

*ORAL ARGUMENT REQUESTED*

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................1

ARGUMENT ........................................................................................2

    I.     Reed's Improper Request for Appellate Reconsideration of the
        First Jurisdictional Decision Should Be Summarily Rejected. ..................2

    II.    Reed's Avoidance of the Statutes and Rules Cited by Relator in
         Favor of Looking to Case Law Concerning Entirely Different,
         Jurisdictional Statutes Only Reinforces Relator's Point. ..........................4

    III.   Mandamus is a Meaningful and Proper Remedy. ...................................11

PRAYER ...........................................................................................13

CERTIFICATE OF SERVICE ...............................................................15

CERTIFICATE OF COMPLIANCE.........................................................15

# INDEX OF AUTHORITIES

Page(s)

Cases

*In re AutoZoners, LLC*,
694 S.W.3d 219 (Tex. 2024) .............................................................................11

*County of Cameron v. Brown*,
80 S.W.3d 549 (Tex. 2002).................................................................................7

*Ditech Servicing, LLC v. Perez*,
669 S.W.3d 188 (Tex. 2023) ..............................................................................8

*In re ETC Field Services, LLC*,
707 S.W.3d 924 (Tex. App.—15th Dist. 2025)............................................12, 13

*In re GlobalSanteFe Corp.*,
275 S.W.3d 477 (Tex. 2008) ............................................................................12

*Isbell v. Kenyon-Warner Dredging Co.*,
261 S.W. 762 (Tex. 1924)..................................................................................7

*In re McAllen Medical Center, Inc.*,
275 S.W.3d 458 (Tex. 2008) ......................................................................11, 12

*Meekey v. Rick's Cabaret Intern., Inc.*,
171 S.W.3d 394 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)...............8

*Olds v. Olds*,
No. 25CV000166-740, 2025 NCBC Order 57, 2025 NCBC LEXIS 102
(Aug. 13, 2025) ..........................................................................................10, 11

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) ............................................................................12

*Rusk State Hosp. v. Black*,
392 S.W.3d 88 (Tex. 2012).................................................................................7

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
852 S.W.2d 440 (Tex. 1993) ..............................................................................7

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) .......................................................6, 7

Statutes and Codes

Texas Government Code
Section 25.006(d)............................................................................5
Section 25.0041(a) .....................................................................5, 10
Section 25A.006(d)....................................................................5, 10
Section 25A.0041(a) .......................................................................5
Section 25A.0041(a)(3) ...................................................................5

Tort Claims Act, 28 U.S.C. §§ 2671–2680........................................4, 6, 7

Rules and Regulations

Texas Rules of Appellate Procedure
Rule 25.1(c)....................................................................................3
Rule 25.1(d)(2)...............................................................................3
Rule 26.1 ........................................................................................3
Rule 28.3(c)....................................................................................3
Rule 52.1 ........................................................................................3
Rule 52.3(d)(3)...............................................................................3
Rule 52.3(f)....................................................................................3
Rule 52.4(d) ...................................................................................3

Texas Rules of Civil Procedure
Rule 355 .........................................................................................8
Rule 355(f)(1) ...........................................................................6, 10

## INTRODUCTION

Real Party in Interest, Plaintiff Jerry B. Reed, submitted a Response to Relator's Petition for Writ of Mandamus that rings hollow. Not only does Reed fail to adequately engage the applicable statute and procedural rules, which undisputedly are supreme in evaluating how the Business Court's jurisdiction works, but Reed also attempts to seek appellate review of the Business Court's *original* decision to exercise jurisdiction. At no time, however, did Reed seek reconsideration of the original jurisdictional decision or file his own mandamus petition. Rather, and only now in fear of the merits of Relator's one-way jurisdiction argument, does Reed seek untimely and procedurally improper *reconsideration* of a months-old trial court decision, all in the context of ***Relator's*** Petition, not Reed's own petition. Such an attempt should be summarily rejected for this reason alone. Regardless, the merits of the Business Court's first decision are plainly shown in that court's thorough opinion on the matter.

As for the merits here,[1] Reed barely grapples with the text and structure of the applicable jurisdictional statute and rules. Instead, he calls upon generic case law interpreting *other* statutes and provisions with entirely different language and purpose. Accordingly, Reed's arguments serve only to reinforce Relator's position

---

[1] To avoid doubt, Relator reiterates that this proceeding is subject to Relator's Special Appearance and it in no way waives, through its Petition or this reply, its challenge to personal jurisdiction. *See* Pet. at 16.

that Chapter 25A's text and structure establish a one-way door to the Business Court that should be determined "promptly" and "finally" at the time of removal.

## ARGUMENT

**I.  Reed's Improper Request for Appellate Reconsideration of the First Jurisdictional Decision Should Be Summarily Rejected.**

In his Response, Reed tries to insert an additional "issue presented": "Did the Business Court possess subject-matter jurisdiction over this case at any point?" Resp. at 1. In this, Reed refers to the Business Court's First Decision[2] regarding jurisdiction and proceeds to spend more than seven pages criticizing it. *See* Resp. at 9–17.

A *response* to a Petition for Writ of Mandamus, however, is not the proper vehicle to seek appellate review of an entirely separate, unchallenged order. If Reed wanted to raise that order/issue, he should have done so promptly after the Business Court's original decision to exercise jurisdiction. But he didn't. He never moved for reconsideration. He never petitioned for permissive appeal. He never filed his own mandamus petition. And he never noticed the matter for traditional interlocutory appeal. Instead, he amended his petition—twice—and then filed a *new* Motion to Remand,[3] specifically relying on the changes in his new pleading. *See* MR 293

---

[2]  "First Decision" is a reference to the Business Court's June 18, 2025, order and opinion denying Reed's Motion to Remand.

[3]  Although Reed titled the motion a "Renewed" motion, it was in reality an independent and "new" motion based on a different pleading. Indeed, this situation itself serves as "Exhibit A" for how the one-way jurisdiction approach will practically protect parties from pleading gamesmanship.

(expressly "disclaim[ing] any allegation, legal theory, or request for relief that requires th[e] [Business] Court to interpret or enforce the governance, internal affairs, or governing documents of any Defendant entity.").

As set forth in the Texas Rules of Appellate Procedure, "[a] party who seeks to alter the trial court's judgment or other appealable order *must* file a notice of appeal" that identifies "the date of the judgment or order appealed from." TEX. R. APP. P. 25.1(c), (d)(2). Moreover, the party must do so "within 30 days after the judgment is signed," TEX. R. APP. P. 26.1, or within 15 days if it is a petition for permissive appeal, TEX. R. APP. P. 28.3(c). If a party instead seeks mandamus relief, it *must* do so "by filing a petition with the clerk of the appropriate appellate court" and be captioned in the name of the petitioner, who is the "relator." TEX. R. APP. P. 52.1. In such a petition, the relator must identify the "action" from which relief is sought and the "Issues Presented." TEX. R. APP. P. 52.3(d)(3), (f).

Most critically, the Rules of Appellate Procedure *specifically limit* the content of any response to a mandamus petition as follows: "the argument *must* be confined to the issues or points presented in the petition." TEX. R. APP. P. 52.4(d) (emphasis added).

Reed ignored all these rules and procedures. His attempt to now seek review of the First Decision violates multiple layers of procedure and should outright be rejected. To the extent the Court may still be interested in reviewing the Business

3

Court's First Decision, Relator points the Court to the well-reasoned opinion of Judge Andrews, which more than adequately addresses the matters raised by Reed in this part of his argument.

**II.     Reed's Avoidance of the Statutes and Rules Cited by Relator in Favor of Looking to Case Law Concerning Entirely Different, Jurisdictional Statutes Only Reinforces Relator's Point.**

Reed's arguments with respect to the text and structure of Chapter 25A are lacking. They are conclusory in that they fail to meet the various textual supports for the meaning argued by Relator, and they entirely fail to address the implementing rules promulgated by the Supreme Court of Texas that lend further support to the meaning of Chapter 25A. Reed instead relies on a handful of cases that interpret and apply jurisdictional statutes in the Tort Claims Act concerning sovereign immunity, or other statutes that have nothing to do with or to say about how jurisdiction works in the Business Court.

A few times in his Response, Reed suggests that Relator's interpretation "finds no support" in the text of Chapter 25A without explaining why. For example, Reed baldly asserts that "[n]othing in Chapter 25A suggests the Legislature intended to create [one-way jurisdiction]," but then fails to engage the multiple sources of text, structure, and rules identified by Relator that show this is precisely what the Legislature intended. Resp. at 27.

4

For example, Reed does not even once cite, much less analyze, § 25A.0041(a), which contains an express instruction by the Texas Legislature that rules and procedures be established "for the ***prompt, efficient, and final*** determination of business court jurisdiction ***on the filing of an action in the business court***." Pet. at 24. There is simply no other reasonable reading of the word "final" other than the Legislature intended the jurisdictional determination to be made once and for all by the trial court. And that statute directly identifies the timing of when this "final" determination should be made—"on the filing of an action,"—which necessarily refers to either the case's initial filing or its removal. Reed offers no alternative meaning to § 25.0041(a) and how it impacts the reading of § 25.006(d).

Reed's omission speaks volumes. Although Reed acknowledges the phrase "shall remand the case" in § 25A.006(d), he does not address it in context the way the Texas Supreme Court authorities require. *See* Pet. at 23–24 (collecting cases instructing courts to interpret statutes "in context," meaning "the surrounding words and structure" and the "framework" of the statute within its chapter). Instead, Reed plucks out and isolates the phrase "shall remand the case," then simply asserts that this phrase means "the Legislature expected the court to remand whenever it lacks jurisdiction, not just at removal." Resp. at 28.

Reed also fails to address § 25A.0041(a)(3), which contains another instruction from the Texas Legislature that the rules and procedures take into

consideration the "limited potential" for movement of an action between the district court and the Business Court. Pet. at 24.

Most striking, perhaps, is Reed's failure to engage with Rule 355(f)(1) of the Texas Rules of Civil Procedure. It expressly states, in specific words chosen by the rule-making authority (which has the same force as a legislative statute), that the Business Court must remand only if it determines "that ***removal*** was improper." Pet. at 25–26. Reed has no response to this.

Instead of addressing these plain evidences of meaning, Reed simply repeats his conclusion over and over[4] as if repetition were argument. *See, e.g.*, Resp. at 19 (Business Court jurisdiction "depends on the continued presence of qualifying allegations in the live pleadings."); *id.* ("Texas law is clear…."). But merely declaring a position to be "clear" does not make it so.

The only authorities Reed cites to support his position that jurisdiction should be continually revisited are various cases that interpret ***entirely different*** jurisdictional statutes in wholly different contexts. For example, *Tex. Dep't of Parks & Wildlife v. Miranda* addressed whether sovereign immunity could be waived under the recreational use statute for purposes of allowing jurisdiction over claims against a state sovereign under the Tort Claims Act. 133 S.W.3d 217 (Tex. 2004).

---

[4] *E.g.*, Resp. at 17 ("Texas law is clear that subject-matter jurisdiction is determined from the live pleadings."); 18 ("Nothing in the statute freezes jurisdiction at the moment of removal….").

The Tort Claims Act provides a mechanism for the state to file a plea to the jurisdiction where there is insufficient evidence of waiver of immunity (*i.e.*, gross negligence). *Id.* at 224–25. Such a plea necessarily comes after discovery and other advancements in a case, along with changes to the pleadings based on those developments, and thus warrants revisiting jurisdiction specifically in accordance with that statutory mechanism. *See id.* at 221–22. *Miranda*'s discussion of these principles and issues has no application to the specific jurisdictional scheme in Chapter 25A.

The same is true of *Rusk State Hosp. v. Black*, 392 S.W.3d 88 (Tex. 2012) (another case involving sovereign immunity and the Tort Claims Act), *County of Cameron v. Brown*, 80 S.W.3d 549 (Tex. 2002) (same), and *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) (considering whether party had constitutional standing given separation of powers doctrine).[5] Indeed, the analysis in these cases addressing the importance of live pleadings relates to ensuring the plaintiffs had a chance to plead appropriately such that their claims could be heard at all **on the merits** (rather than dismissed with prejudice). Those are different issues and concerns than determining which of multiple courts can hear a case given a specific statutory scheme.

---

[5] Another of Reed's cases, *Isbell v. Kenyon-Warner Dredging Co.*, 261 S.W. 762 (Tex. 1924), actually **supports** Relator here because the holding was that the County Court **retained** jurisdiction even though later developments and amendments increased the damages beyond the jurisdictional limit. Reed appears to have just quoted certain language from the case out of context rather than notice its relevance to the outcome.

Whatever jurisdictional rules Reed might glean from these cases, those rules have nothing to say about the meaning of Chapter 25A. Indeed, the fact that Chapter 25A and Rule 355 specifically contain the language they do, and not the language of those other statutory schemes, only lends further weight to Relator's position.

Accordingly, it is not Relator who has made the Business Court "unique among Texas Courts," Resp. at 27, it is the Texas Legislature who has done so via the specific words it selected. While Texas's district courts are courts of general jurisdiction, deriving their powers and jurisdiction from the Texas Constitution and common law, the Business Court, in contrast, is a "creature of the legislature." *See generally Meekey v. Rick's Cabaret Int'l, Inc.*, 171 S.W.3d 394, 397 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (drawing distinction between constitutional county courts and county courts at law). Like administrative agencies and other "creature[s] of the legislature," the Business Court can exercise only "those powers conferred by statute." *Id.*; *e.g.*, *Ditech Servicing, LLC v. Perez*, 669 S.W.3d 188, 190–91 (Tex. 2023) (Texas Supreme Court demonstrating analysis of the relevant statute is supreme in deciding jurisdiction). Accordingly, whether and when the Business Court has the power to remand a case "depends on statutory interpretation," not general principles of Constitutional court jurisdiction. *Meekey*, 171 S.W.3d at 398; *see also* Resp. at 29–30 (Reed agreeing that "enactments of the Legislature" are controlling). All this to say, whether the Business Court is "unique" or not, its

8

jurisdiction is governed by the Texas Legislature's chosen language, not by generalized sentiments about jurisdiction or quotes from cases applying entirely different jurisdictional statutory frameworks.

Moving beyond the statutory language, Reed misunderstands Relator's arguments about "policy concerns." *See* Resp. at 26. As detailed in the Petition, Relator raised concerns that if the Business Court's jurisdiction can constantly be revisited after every amended petition, then parties can game the system to escape the Business Court whenever they deem it to be an unfavorable forum. Pet. at 33–34. This creates obvious problems. No doubt, such concerns "cannot override" the law regarding jurisdiction. *See* Resp. at 26. And they don't here. Rather, such concerns serve only to ***reinforce*** the law. As articulated above, the text and structure of Chapter 25A, as well as the implementing procedural rules, all reflect an intent and meaning that establishes a one-way jurisdictional door.

And so, it is ***actually Reed*** who asks this Court to ***ignore*** the text and structure in favor of "policy concerns" when he decries "[i]f allowed to stand, the Business Court's [First Decision] would enable defendants to bootstrap entire cases into the Business Court." Resp. at 15. To be sure, gamesmanship can cut either way depending on the outcome of how Chapter 25A is interpreted here. If Reed's view prevails, plaintiffs could artfully plead their way into a remand after being disappointed with a proper removal. Or, if Relator's view is adopted, certain

9

defendants might find a way to technically remove a case when it meets the statutory requirements even if a plaintiff would have preferred not to be in Business Court. No rule is perfect. These policy concerns, however, do not control. Instead, the statute does. And the statutory scheme expressly says that the Business Court's jurisdiction should be determined in a "prompt" and "final" review "on the filing [or removal] of an action in business court." TEX. GOV'T CODE § 25.0041(a). The Business Court "shall remand," § 25A.006(d), only if it determines "that *removal* is improper." TEX. R. CIV. P. 355(f)(1) (emphasis added).

With respect to the comparison to the North Carolina Business Court, Relator offered that comparison merely to demonstrate that a one-way door to jurisdiction is not anathema to a business court model or structure. While North Carolina establishes its Business Court as an administrative division that hears "designated" cases, functionally, it operates the same way as Texas's Business Court. Both courts are "creatures of statute" that hear only certain types of cases (containing very similar lists of subject matters) while leaving the general remainder of cases to be heard in Constitutional superior or district courts. Also, both schemes provide a specific judge to preside over the entire action who is required to issue written opinions. Accordingly, the practical concerns articulated in *Olds* as to why a revolving door approach to jurisdiction is problematic (*i.e.*, permits "gamesmanship" that "divests the Court of its authority") are no less persuasive in

Texas, especially given that (again), such concerns **reinforce** the intention and meaning of Chapter 25A. *Olds v. Olds*, No. 25CV000166-740, 2025 NCBC Order 57, 2025 NCBC LEXIS 102, ¶12 (Aug. 13, 2025).

## III. Mandamus is a Meaningful and Proper Remedy.

Regarding the propriety of mandamus relief, Reed does not dispute that if the Business Court's decision was incorrect on the law (*i.e.*, jurisdiction/remand), it constitutes an abuse of discretion. Reed instead puts all his eggs in the "adequate remedy" basket. *See In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) ("Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy."). But here, Reed is plainly wrong, as has already been articulated by the Texas Supreme Court.

"The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 465 (Tex. 2008). As such, traditional appeal is *not* an adequate remedy "when it will mean … forcing parties to trial in a case they agreed to arbitrate; forcing parties to trial on an issue they agreed to submit to appraisers; forcing parties to a jury trial when they agreed to a bench trial; [or] forcing parties to trial in a forum other than the one they contractually selected…." *Id.* No different from all these scenarios is the situation here—forcing a party to trial in a court other than the one to which it is

11

statutorily entitled. Indeed, this Court has already indicated that "[r]emoval of qualifying cases to the business court is a statutory right that must be respected…." *ETC Field Services*, *LLC*, 707 S.W.3d 924, 928 (Tex. App.—15th Dist. 2025). And this "procedural right" is necessarily "impaired" or lost if a party is forced to proceed in district court. *See In re GlobalSanteFe Corp.*, 275 S.W.3d 477, 483 (Tex. 2008) (articulating factors involved in balancing test).

In addition, and directly contrary to Reed's argument, *see* Resp. at 33 (suggesting "expense and inconvenience" do not matter), courts **should** consider whether mandamus relief will "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Relevant here, "if the first trial is conducted in the wrong time, place, or manner," then a case has to be tried "twice." *McAllen Medical Cntr.*, 275 S.W.3d at 466. "[I]nsisting on a wasted trial simply so that it can be reversed and tried all over again creates the appearance not that the courts are doing justice, but that they don't know what they are doing." *Id.* As such, "[p]rudent mandamus relief" is not only appropriate, but "also preferable to legislative enlargement of interlocutory appeals." *Prudential*, 148 S.W.3d at 137.

Moreover, and yet again contrary to Reed's argument, *see* Resp. at 34, this Court has specifically stated that "[m]andamus review of significant rulings in

exceptional cases would allow this Court 'to give needed and helpful direction to the law that would otherwise prove elusive.'" *ETC Field Services*, 707 S.W.3d at 929. The nature and importance of the jurisdictional question presented here only further amplifies the necessity of mandamus review.

## **PRAYER**

For these reasons, and those articulated in its Petition, Relator ColossusBets Limited prays this Court grant a writ of mandamus and direct Respondent to (1) vacate its August 25, 2025, order remanding the Lawsuit to the District Court, (2) reinstate its administrative and scheduling orders, and (3) exercise jurisdiction over, and proceed with, the Lawsuit in the Texas Business Court.

Relator also requests any further relief to which it may be justly entitled.

Dated: October 16, 2025

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Derrick Carson*
Derrick Carson (Texas Bar No. 24001847)
(Lead Counsel)
Charles Conrad (Texas Bar No. 24040721)
Jonathan Sink (Texas Bar No. 24099968)
Lindsey Mitchell (Texas Bar No. 24138645)
PILLSBURY WINTHROP SHAW PITTMAN LLP
609 Main Street, Suite 2000
Houston, Texas 77002
(713) 276-7600 (Telephone)
(713) 276-7673 (Facsimile)
Derrick.Carson@pillsburylaw.com
Charles.Conrad@pillsburylaw.com
Jonathan.Sink@pillsburylaw.com
Lindsey.Mitchell@pillsburylaw.com

***Counsel for Relator ColossusBets Limited***

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2025, a true and correct copy of the foregoing document was served via electronic transmission on counsel of record.

*/s/ Derrick Carson*
Derrick Carson

**CERTIFICATE OF COMPLIANCE**

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(2)(C) because this brief consists of 3,129 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

*/s/ Derrick Carson*
Derrick Carson

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Caswell on behalf of Derrick Carson
Bar No. 24001847
andrea.caswell@pillsburylaw.com
Envelope ID: 106937793
Filing Code Description: Response
Filing Description: Reply in Support of Relator's Petition for Writ of Mandamus
Status as of 10/16/2025 3:33 PM CST

Associated Case Party: ColossusBets Limited

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Charles Conrad | | charles.conrad@pillsburylaw.com | 10/16/2025 3:18:32 PM | SENT |
| Jon Sink | | jonathan.sink@pillsburylaw.com | 10/16/2025 3:18:32 PM | SENT |
| Lindsey Mitchell | | lindsey.mitchell@pillsburylaw.com | 10/16/2025 3:18:32 PM | SENT |
| Derrick Carson | | Derrick.carson@pillsburylaw.com | 10/16/2025 3:18:32 PM | SENT |
| Andrea Caswell | | andrea.caswell@pillsburylaw.com | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: Honorable MelissaAndrews

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Honorable Melissa Andrews | | bcdivision3a@txcourts.gov | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: Jerry B. Reed

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Lagarde | 11819550 | richard@lagardelaw.com | 10/16/2025 3:18:32 PM | SENT |
| Manfred Sternberg | 19175775 | manfred@msternberg.com | 10/16/2025 3:18:32 PM | SENT |
| Mary Lagarde | 24037645 | mary@lagardelaw.com | 10/16/2025 3:18:32 PM | SENT |
| Jeffrey Adams | 24006736 | jeff@jeffadamslaw.com | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: Rook TX LP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Harrell | 793905 | david.harrell@troutman.com | 10/16/2025 3:18:32 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Andrea Caswell on behalf of Derrick Carson
Bar No. 24001847
andrea.caswell@pillsburylaw.com
Envelope ID: 106937793
Filing Code Description: Response
Filing Description: Reply in Support of Relator's Petition for Writ of Mandamus
Status as of 10/16/2025 3:33 PM CST

Associated Case Party: Rook TX LP

| | | | | |
|---|---|---|---|---|
| David Harrell | 793905 | david.harrell@troutman.com | 10/16/2025 3:18:32 PM | SENT |
| Mia Lorick | 24091415 | Mia.Lorick@troutman.com | 10/16/2025 3:18:32 PM | SENT |
| Bradden Pippin | 24143893 | bradden.pippin@troutman.com | 10/16/2025 3:18:32 PM | SENT |
| Kathleen Laird | | Kathleen.Laird@Troutman.com | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: Qawi and Quddus, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jon Smith | 18630750 | jon@jonmichaelsmith.com | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: Lottery Now, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Aimee Oleson | 24036391 | aoleson@sheppardmullin.com | 10/16/2025 3:18:32 PM | SENT |
| Grace Miller | 24132499 | gmiller@sheppardmullin.com | 10/16/2025 3:18:32 PM | SENT |

Associated Case Party: RyanDickinson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ryan Dickinson | | ryandickinson79@gmail.com | 10/16/2025 3:18:32 PM | SENT |